**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LOWNDES, DROSDICK, DOSTER,**
**KANTOR & REED, P.A.,**
        **Plaintiff,**

-vs-                                                     Case No.  6:07-cv-1585-Orl-31GJK

**FEDERAL INSURANCE COMPANY,**
        **Defendant.**

## ORDER

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 20) and Plaintiff's Response thereto (Doc. 22).

**I. Background**

Defendant Federal Insurance Company ("Federal") issued Executive Protection Policy No. 8142-1911 (the "Policy") to Plaintiff Lowndes, Drosdick, Doster, Kantor & Reed, P.A. ("Lowndes") for the policy period of April 5, 2004 to April 5, 2005.

By letter dated April 30, 2004, Federal was advised that Lowndes had "recently discovered errors in the administration of [its retirement] plan" involving "the inadvertent failure to make required contributions to certain plan participants and the failure to recognize service for certain employees (resulting in their late inclusion in the plan". (Doc. 20-4 at 2). The letter proceeded to advise Federal as to how Lowndes intended to deal with its errors:

> It is our intention to correct these operational errors under the Voluntary Correction Program ("VCP") sponsored by the Internal Revenue Service ("IRS"). Making a voluntary filing with the IRS will mitigate damages for all parties involved in the errors. Filing under VCP avoids the possibility of the IRS finding these errors on audit and demanding sanctions and penalties that could greatly exceed the fees required under the voluntary

program. It is our understanding from our benefits counsel that the IRS is also more amenable to less onerous correction procedures if the errors are voluntarily disclosed.

(Doc. 20-4 at 2).

Attached to this letter was a draft of a letter to the IRS identifying the purported errors in the plan. (Doc. 20-5). The draft letter advised "[t]his is a request for a compliance statement under the Voluntary Correction Program ('VCP') with respect to the [Lowndes plan]." (Doc. 20-5 at 2). The draft letter then described in detail four "operational failures" and a "method of correction" for each and concluded by requesting that the IRS issue a Compliance Statement "to the effect that the [IRS] will not assert the Operational Failures in the event the Plan is examined." (Doc. 20-5 at 4-9).

The April 30th letter to Federal stated that Lowndes believed that when the VCP filing was made with the IRS, a "formal administrative proceeding will have commenced," because "[a]t the conclusion of the proceeding, the IRS will issue a notice concerning their agreement that an administrative error occurred and their agreement as to the corrective measures to be taken to resolve those errors." (Doc. 20-4 at 4). The letter requested that Federal confirm Lowndes' understanding. Federal subsequently advised Lowndes that Federal did not believe that there was a Claim under the Policy. (Doc. 20-6 at 3).

On June 4, 2004, Lowndes submitted to the IRS a copy of the letter which had been submitted in draft form to Federal (hereinafter "the VCP"). (Doc. 22-3). By notice dated September 13, 2004 ("the Notice"), the IRS advised Lowndes' counsel that "[w]e have received your VCP Submission on behalf of the Employer for the above-captioned plan." (Doc. 20-7 at 2). By letter dated November 10, 2004, Lowndes advised Federal of the IRS's receipt of the VCP.

(Doc. 20-8). Lowndes' letter stated that the Notice indicated that the IRS "has entered into the process of examining the errors made in the administration of our retirement plan." (Doc. 20-8 at 2).    By letter dated December 10, 2004, Federal advised Lowndes that the Notice also was not a Claim as defined by the Policy. (Doc. 20-9 at 2).

On September 26, 2006, the IRS issued its "Voluntary Correction Program Compliance Statement" ("Compliance Statement"). (Doc. 20-10). The Compliance Statement stated that the IRS "will not pursue the sanction of plan disqualification on account of the qualification failures described in Part 1." (Doc. 20-10 at 6).

By letter dated February 6, 2007, Lowndes advised Federal of the Compliance Statement. (Doc. 20-11). Lowndes insisted that a "claim" had been made and, therefore, sought reimbursement of $59,095.01 that it had paid to the plan to correct the errors that it had identified, as well as $115,726.94 in attorney's fees that it incurred in the VCP process. (Doc. 20-11 at 2-3).

In response, Federal advised Lowndes, once again, of its view that the VCP process did not constitute a Claim as defined by the Policy. (Doc. 20-12 at 3). Accordingly, Federal denied coverage for the requested amounts. (Doc. 20-12 at 3). This lawsuit followed.

**II. Standard of Review**

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. FED. R. CIV. P. 56(c); *Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 458 (11th Cir. 1994). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929

F.2d 604, 608 (11th Cir. 1991); *Watson v. Adecco Employment Svc., Inc.*, 252 F. Supp. 2d 1347, 1352 (M.D. Fla. 2003).

When a party moving for summary judgement points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the non-moving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25; *Watson*, 252 F. Supp. 2d at 1352. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

The Court must consider all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The Court is not, however, required to accept all of the nonmovant's factual characterizations and legal arguments. *Beal*, 20 F.3d at 458-59. If material issues of fact exist, the Court must not decide them, but rather, must deny the motion and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).

**III. Legal Analysis**

Federal jurisdiction in this case is based on diversity of citizenship under 28 U.S.C. § 1332(2). Therefore, this Court is bound to apply the substantive law of the state in which it sits. *See Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).  Accordingly, Florida contract and insurance law will apply in this case.

"Under Florida law, interpretation of an insurance contract, including determination and resolution of ambiguity, is a matter of law." *Dahl-Eimers v. Mutual of Omaha Life Ins. Co.*, 986 F.2d 1379, 1381 (11th Cir. 1993).

> An insurance policy should be construed in its entirety, and, if reasonably possible, given the construction which reflects the intent of the parties. *New York Life Insurance Co. v. Kincaid*, 136 Fla. 120, 186 So. 675, 677 (Fla.1939); *King v. Sturge*, 113 So.2d 257, 258 (Fla.App.1969). When the language of a policy is unclear or confusing, the language should be construed against the insurer. *Firemans Fund Insurance Co. of San Francisco v. Boyd*, 45 So.2d 499, 501 (Fla.1950); *Beasley v. Wolf*, 151 So.2d 679, 680 (Fla.App.1963). However, if the language of a policy is clear and unambiguous, it should be accorded its natural meaning. *Pafford v. Standard Life Insurance Co. of Indiana*, 52 So.2d 910, 911 (Fla. 1951); *New Amsterdam Casualty Co. v. Addison*, 169 So.2d 877, 880 (Fla.App.1965). The policy of strict construction against the insurer should not be used to add meaning to clear and unambiguous language. *Rigel v. National Casualty Co.*, 76 So.2d 285, 286 (Fla.1954); *Miller Electric Co. of Florida v. Employers' Liability Insurance Corp.*, 171 So.2d 40, 43 (Fla.App.1965).

*Landress Auto Wrecking Co. v. United States Fidelity & Guaranty Co.*, 696 F.2d 1290, 1291-92 (11th Cir. 1983).

In this case, the material facts are not in dispute. Therefore, this Court must determine, as a matter of law, whether either the VPC document filed by Lowndes or the letter of receipt from the IRS to Lowndes qualify as a Claim under the Policy. The term "Claim" is defined by the Policy as:

> (a)     a civil proceeding commenced by the service of a complaint or similar pleading,
> (b)     a criminal proceeding commenced by a return of an indictment, or
> (c)     a formal administrative or regulatory proceeding commenced by the filing of a notice of charges, formal investigative order or similar document,
>
> against any Insured for a Wrongful Act, including any appeal therefrom.

(Doc. 22-29 at 1).

Lowndes argues that the definition of a "Claim" under section (c) above is ambiguous because it does not indicate who must file the "Claim" and does not define "similar document".

The definition of "similar document" is irrelevant because, whatever its meaning, there was never any formal administrative or regulatory proceeding commenced regarding Lowndes. Contrary to Lowndes' argument, even if the VCP or the letters from the IRS could be considered "similar documents", there is no covered Claim unless these documents *commenced a formal administrative or regulatory proceeding against* Lowndes. They clearly did not. Therefore, Lowndes' coverage under the policy was not triggered and Federal is entitled to summary judgment.

**IV. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED**. Judgment shall be entered in favor of Federal Insurance Company and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 17, 2008.

Copies furnished to:

Counsel of Record

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE